United States District Court
Western District of Kentucky
Louisville, Division

Rima Janes
       Plaintiff,                    3:17-CV-367-DJH
   V.                              Case number:
The Sullivan U.;
       Defendant
       Nature of Complaint
       Verified Complaint

1. Plaintiff, Rima Janes, (hereinafter "Janes") brings this action against Defendant, The Sullivan U. (hereinafter "Sullivan U." or "Defendant") alleging violations of Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq, the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. §§ 621 et seq., the Kentucky civil Rights Act, Federal Fair Labor Standard Act of 1938 § 202 amended as, 29 U.S.C. § 201 et seq, The Equal Pay Act of 1963, amended as. 29 U.S.C. § 206, civil liability for negligent and willful non compliance 15 U.S.C. §1681n and 1681o, Action for neglect to prevent, as amended, 42 U.S.C. § 1986, Conspiracy to interfere with civil rights, as amended 42 U.S.C. § 1985 and 18 U.S.C. § 241 ~~as amended~~ damages in cases of intentional discrimination in employment, as amended, 42 U.S.C. § 1981 a

①

## II    Parties

2. Jones is a resident of the Commonwealth of Kentucky, who at all relevant times resided within the geographic boundaries of the Western District of Kentucky.

3. Defendant is a corporation that maintains offices and conducts business within the geographic environs of the Western District of Kentucky

## III    Jurisdiction and Venue

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 29 U.S.C. § 621; 42 U.S.C. § 12117; and 42 U.S.C. § 2000e-5(f)(3)

5. Jurisdiction is conferred on Jones' state law claims pursuant to 28 U.S.C. § 1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution

6. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b); 42 U.S.C. § 12111(5)(A); 42 U.S.C. § 2000e(b) and KRS 344.030(2) and KRS 344 et seq.

7. Jones was an "employee" as that term is defined by 29 U.S.C. § 630(f); 42 U.S.C. 12111(4); 42 U.S.C. § 2000e(f); and KRS 344.030(5)

②

8. Jones is a "qualified individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Jones disability and/or regarded Jones as being disabled and/or Jones has a record of being disabled.

9. Jones satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on her sex, religion, national origin, disability, age and retaliation. Jones received the require Notice of Right to Sue and timely files this action.

10. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, Venue is proper in this court.

IV  Factual Allegations

11. Jones was born in 1963

12. Jones is Muslim.

13. Jones is a Pakistani woman

14. Jones has permanent facial scarring, a lop-sided waist that affects her ability to walk.

15. Defendant hired Jones as a Food Steward on or about January 10, 2015.

③

16. Jones starting salary was $7.00 per hr.

17. Jones ending salary, only 2 minutes prior to her wrongful termination became $7.25

18. Jones did slip and fall on January 13, 2015 on a wet floor where no "wet floor" sign was erected in violation of OSHA.

19. The presence of a very deep slope at the door and no "Watch your step" sign in violation of OSHA.

20. Width of door is not the proper measurement in violation of OSHA.

21. Two (2) adjacent swing doors with no signage of right of way for "in" door and "out" door in violation of OSHA.

22. Jones gathered information from Chief Aavan and Chief Terry during the month of March 2015 that such violations were addressed and recognized by Administration but "never corrected."

23. Jones has no other source of income and did not want to become homeless.

24. Jones has to evaluate the present and factual condition of her broken left wrist V. becoming homeless or reporting back to work.

25. After the first week, Jones scheduled work hours were decreased to around ten (10) which was less than any other employee in her job position.

Jones was told at time of interview that she could have up to 35/39 hrs but not less than 20.

(4)

26. On or about June 18, 2015, Defendant wrongfully terminated Jones' employment.

27. During her employment, Jones employment was continuously harassed and reprimanded for break time, meal time, and for sitting down was prohibited and yelled at whenever.

28. During her employment, Jones employment She would receive threats of leading or complying with strenuous physical work

29. During her employment, Jones employment She receive demands for floor sweeping and mopping which require vigurous wrists movement.

30. During her employment, Jones employment She receive demands for extenious heavy lifting and refusal to provide assistance by defendants(s) other employees on site.

5

## V. Causes of Action
### Count 1: Sex Discrimination. Title VII and KCRA

Jones hereby incorporates paragraphs one (1) through thirty (30) of her Complaint as if the same were set forth at length herein.

Jones was subjected to differential treatment, sexual harassment and a hostile work environment.

Defendant's actions were intentional, willful and in reckless disregard of Jones' rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act, KRS 344.040.

Jones suffered damages as a result of Defendant's unlawful actions.

### Count II: National Origin Discrimination Title VII and KCRA

Jones hereby incorporates by reference paragraphs one (1) through thirty (30) of her Complaint as if the same were set forth at length herein.

Jones was discriminated against on the basis of her national origin.

Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and the Kentucky Civil Rights Act, KRS 344.040.

Defendant's actions were willful, intentional and done with reckless disregard for Jones' legally protected rights.

6

### Count III: Religion Discrimination.
### Title VII and KCRA

Jones hereby incorporates by reference paragraphs one (1) through thirty (30) of her complaint as if the same were set forth at length herein.

Jones was discriminated against on the basis of her religion.

Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kentucky Civil Rights Act, KRS 344.040

Defendant's actions were willful, intentional, and done with reckless disregard for Jones' legally protected rights.

Jones has suffered damages as a result of Defendant's unlawful actions

### Count IV: Disability Discrimination

Jones hereby incorporates by reference paragraphs one (1) through thirty (30) of her complaint as if the same were set forth at length herein.

Defendant discriminated against Jones on the basis of her disabilities.

Defendant's actions are in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et. seq. and the Kentucky Civil Rights Act, KRS 344.040

Defendant's actions were intentional,

willful and in reckless disregard of Jones' legally protected rights.

48. Jones' has suffered damages as a result of Defendant's actions.

Count V Age Discrimination

49. Jones hereby incorporates paragraph one (1) through thirty (30) of her complaint as if these were set forth at length herein.

50. Defendant discriminated against Jones on the basis of her age.

51. Defendant actions are in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C.S § 621 et seq. and the Kentucky Civil Rights Action KRS 344.040

52. Defendant actions were intentional, willful, and in reckless disregard of Jones' legally protected rights.

53. Jones has suffered damages as a result of Defendant's unlawful actions.

8

Count VI Violation of FLSA, EPA
and Wage theft

54  Jones hereby incorporates paragraph one (1) through thirty (30) of her complaint as if the set were set forth at length herein.

55  Defendant discriminated against Jones based on her sex, religion, national origin, disability, age and retaliation.

56  Jones worked six (6) month with $7.00 / hr. pay. Only last 2 minutes when Chief Tony handed Jones her one quarter raise and then told Jones that she is wanted in the office to sign some papers and then leave the facilities as 2 cops where standing on stairway waiting for Jones.

57  Wage theft is a crime. Jones want

58  Jones want to exercise her right in pressing charges

59  Defendant's actions are in violation of the (FLSA) Federal Labor Standard Act of 1938, as amended, 29 U.S.C. § 201 et seq. and the (EPA) Equal Pay Act of 1963, as amended, 29 U.S.C. § 206 and wage theft

60  Defendant's actions were intentional, willful and in reckless disregard of Jones legally protected right.

61  Jones has suffered damages as a result of Defendant's unlawful actions.

9

Count VII Civil liability for negligent
and willful noncompliance
15 U.S.C. 1681n - 1681o

62  Jones hereby incorporates paragraph one (1) through thirty (30) of her Complaint as if the set were set forth at length herein.

63  Defendant's actions were intentional willful and in reckless disregard of Jones' legally protected rights.

64  Jones has suffered damages as a result of Defendant's unlawful action

Count VIII. Action of negligence to prevent

65  Jones hereby incorporates paragraph one (1) through thirty (30) of her Complaint as if the set were set forth at length herein.

66  Defendant's actions were intentional, willful and in reckless disregard of Jones legally protected rights.

67  Every person (with) knowledge that any of the wrongs ... and mention in section 1985 of this title, are about ... having power to prevent or aid in preventing ... neglects or refuses ... such wrongful act be committed, shall be liable to the party injured, .....

68  Jones has suffered damages as a result of Defendant's unlawful actions

Count VIIII. Retaliation in violation
of Title VII, ADA, ADEA
FLSA, EPA, OSHA,
Actions for neglect to
prevent, Conspiracy to
interfere with civil Rights

1) Jones hereby incorporates paragraph one (1) through thirty (30) of her complaint as if the see were set forth at length herein

2. Defendant's actions were intentional willful, and in reckless disregard of Jones' legally protected rights.

1) Jones has suffered damages as a result of Defendant's unlawful actions.

Requested Relief

WHEREFORE, Plaintiff, Rima Jones, respectfully requests that this court find for her and order Defendant to:

1. Compensatory, Consequential and emotional distress damages;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Punitive damages under Title VII;

4. Pre- and post-judgment interest on all sums recoverable;

5. All other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

⑪

Rima Jones, in pro per
P.O. Box 43832
Louisville, KY 40253
Telephone: (502)644.1879
E-mail: rima.jones@yahoo.com

Dated: 6/ /17

Verification

I, Rima Jones, do hereby verify that I have read the foregoing verified complaint and the statements contained therein are true and correct to the best of my knowledge and belief

Rima Jones

State of Kentucky   } ss
County of Jefferson }

Subscribed and sworn to before me this 6-15-17 _____ by Rima Jones
                    date

My Commission expires: May 12, 2021
                              date

Tamara McGee
NOTARY PUBLIC, State
At-Large, KY

Proof of Service

By Mail, I served the documents on the person or persons below, as follows:

Name of Person Served

Address of Person Served

The document were served via Registered Mail to address above.

Deposited the sealed envelope with the United States Postal Service, with the postage fully paid.

13